UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY SCHWEITZER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-03013 |
| | § | |
| THE INVESTMENT COMMITTEE OF THE | § | |
| PHILLIPS 66 SAVINGS PLAN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION OF CONSOLIDATION

Before the Court is Plaintiff Zam Atiram's ("Atiram") Motion to Consolidate ERISA Class Actions and to Appoint Interim Lead Class Counsel and Liaison Counsel, Doc. 16, and Plaintiffs Jeffery Schweitzer, Jonathan Sapp and Raul Ramos's (collectively, the "Schweitzer Plaintiffs") Motion to Appoint Interim Lead Class Counsel and Liaison Counsel, Doc. 19.[1] Defendants have not filed a response to Atiram's Motion. Thus, under Local Rule 7.4, the Defendants Investment Committee of the Phillips 66 Savings Plan and alleged fiduciaries of the Plan (collectively, "Defendants") do not oppose Atiram's Motion. In both cases Atiram and the Schweitzer Plaintiffs assert claims on behalf of the Phillips 66 Savings Plan ("Plan") under ERISA §§ 404, 409 and 502, 29 U.S.C. §§ 1104, 1109 and 1132 concerning the Plan's investment in ConocoPhillips stock. Docs. 1 & 1 under cause nos. 4:17-CV-03740 and 4:17-CV-03013; Docs. 16 & 19. After considering these documents and the applicable law, the Court grants consolidation into 4:17-CV-03013 of Civil Action No. 4:17-CV-03740 into 4:17-CV-03013, but will set a hearing as to both Plaintiffs' motions to appoint lead and liaison counsel.

---

[1] All document numbers refer to Civil Case No. 4:17-CV-03013.

Federal Rule of Civil Procedure 42(a) provides,

If the actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

A court has wide discretion in deciding whether two or more actions have common questions of law and fact and whether consolidation would save time and money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). Factors for the court to consider in determining if consolidation is appropriate are whether (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, Nos. H–01–3624, *et al.*, 2007 WL 446051, *1 (S.D. Tex. Feb. 7, 2007). The Court may order consolidation even where the parties are opposed to it and its determination many "take precedence over the desires of counsel." *Id.* (citing *In re Air Crash Disaster at Florida Everglades on Dec. 19, 1972*, 549 F.2d 1006, 1013, 1014 (5th Cir. 1977)). District courts frequently consolidate cases before them that overlap substantially. *Gate Guard Services, LP v. Solis*, Civ. A. No. V–10–91, 2011 WL 2784447, *14 (S.D. Tex. July 12, 2011), citing *O'Hare v. Vulcan Capital, LLC*, No. SA–04–CA–566–OG, 2007 WL 996437, *3 (W.D. Tex. Feb. 20, 2007).

Consolidation does not merge suits into a single cause of action or change the rights of the parties, *In re Enron*, 2007 WL 446051, *1 (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1983) ("[A]ctions maintain their separate identity even if consolidated");

*McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to merge from two"); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (courts have emphasized that following consolidation it is vital that "the two suits retain their separate identities" even to the point that each requires "the entry of a separate judgment.").

These two cases are in the Southern District of Texas, they have a common defendant, they arise out of the Plan's investment in ConocoPhillips stock, they have common issues of law and fact, there is no risk of confusion, and consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately. Neither case has been set on schedule yet, so the litigation is at the same stage in both.

As to differences, Atiram's case is assigned to Judge Lee Rosenthal's court and Schweitzer Plaintiffs' case is assigned to Judge Melinda Harmon's court. There is also a pending motion to dismiss, Doc. 15, in Schweitzer Plaintiffs' case, filed on December 15, 2017, to which Schweitzer Plaintiffs have not responded. Plaintiffs are represented by different counsel in each case who do not agree as to who should be interim lead class counsel and liaison counsel. Docs. 16 at 3; 19 at 3.

The Court finds that consolidation is appropriate and **ORDERS** that Atiram's motion to consolidate, Doc. 16, is **GRANTED**, and the cases shall proceed under Civil Action No. 4:17-CV-03013. The Court further

**ORDERS** Atiram to file a response to the motion to dismiss, Doc. 15, within twenty days of receipt of this order. The Court further

**ORDERS** that the parties appear at a hearing on January 24, 2018 at 10:00 a.m. concerning the appointment of interim lead class counsel and liaison counsel.

SIGNED at Houston, Texas, this 3rd day of January, 2018.

                                              MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE